STATE EX REL. FOOT, ATTORNEY GENERAL, RELATOR, *v.* HUGHES, RESPONDENT.

(No. 6,803.)

(Submitted March 19, 1932. Decided April 7, 1932.)

[10 Pac. (2d) 584.]

*Mr. L. A. Foot,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State.

*Alvin L. Hughes, pro se.*

## Opinion: PER CURIAM.

This proceeding was instituted by the attorney general against Alvin L. Hughes, an attorney and counselor practicing law in this state, asking that respondent's name be stricken from the roll of attorneys and that he be disbarred from further practice. The respondent answered and in due time the court appointed John McKenzie, Esq., of Great Falls, Montana, as referee to take testimony upon the issues presented by the pleadings and report his findings of fact and conclusions and recommendations thereon to this court.

After a hearing in Kalispell the referee made his report wherein he found as a fact that on October 23, 1923, the respondent, while acting as attorney for one A. J. Reed, collected for Reed the amount of the judgment described in the first cause of action set out in the complaint, of which sum the respondent was bound to pay to Mr. Reed the sum of $169.10, but that respondent failed to pay the same and appropriated

the money to his own use and benefit. Mr. Reed asked respondent about the collection of the judgment a great number of times, the last time about three years prior to the commencement of the action. On each occasion the respondent promised Mr. Reed that he would "fix it up soon." After this proceeding was commenced the respondent settled with Mr. Reed by giving him a note for the same but the note has not yet been paid.

The second cause of action alleged in the complaint arose out of a divorce proceeding wherein one Earl Whitney was plaintiff and Nellie M. Whitney was defendant. A hearing was had upon the cause on September 15, 1924, before the district court of the eleventh judicial district, Hon. C. W. Pomeroy presiding, with the result that a divorce was denied. Within a month respondent, in behalf of Earl Whitney as plaintiff, commenced another action against Nellie M. Whitney as defendant for a divorce in the district court of the nineteenth judicial district, Hon. John J. Greene presiding. The same cause of action was set forth in the action before Judge Greene but the allegations of the complaint were in greater detail and new evidentiary matter was set out. Respondent did not advise Judge Greene that Judge Pomeroy had denied the plaintiff a divorce upon the same cause of action. Judge Greene, deeming the proof sufficient, granted the plaintiff a decree. Both causes of action were based upon alleged extreme cruelty committed by the defendant toward the plaintiff.

The referee found "that because of the additional facts contained in the complaint filed in Glacier county in *Whitney* v. *Whitney,* respondent believed he had a right to bring said second action in said county, and that he believed that it was not necessary to inform Judge Greene of Judge Pomeroy's decision in the prior case. In that respect he believed he owed no duty to Judge Greene."

The third cause of action grew out of the administration of the estate of William Becker, deceased. The widow, Hazel Becker, was appointed administratrix of the estate and the

respondent was her attorney for a considerable period of time. In procuring letters of administration and in directing the administration of the estate, respondent displayed no little ignorance and his actions in obtaining money from the administratrix were irregular and not warranted by the law. After a time the administratrix consulted another attorney who brought about a settlement between the administratrix and respondent. The referee found: "Respondent claims that he considered he was acting within the law in receiving these moneys and I find that he so believed. I further find that in December, 1925, respondent made settlement with the administratrix for all of the money which he had so received, by paying part thereof and giving a note for the balance, which note in October, 1931, was paid in full; that there is nothing now due the estate or those interested therein from respondent."

The referee concluded that respondent is guilty of malpractice and misconduct involving moral turpitude, especially so in his conduct alleged in and proved under his first cause of action and recommended that respondent be suspended from the practice of law in this state for a reasonable time, and that he be not restored to practice until he has paid the amount due on his note to A. J. Reed and the costs of this proceeding.

The referee said further: "In making this recommendation I am somewhat influenced by respondent's age and the fact that he has made restitution of the moneys received in so far as I believe his means allow. I am inclined to think that respondent is lacking in knowledge of some of the finer precepts regarding the practice of law. This, together with the economic pressure under which he and all of us labor, explains to some extent his dereliction."

The attorney general moved to adopt the referee's finding on the first cause of action and reject his findings on the second and third causes of action. Respondent moved to reject the court's finding on the first cause of action.

After examining the pleadings and reading the testimony adduced at the hearing, we have decided to adopt the referee's recommendations except as to the payment of the note. That smacks too much like making this court a collecting agency.

In a letter to the Chief Justice, the referee recommends that the respondent be suspended from the practice of law in this state for a period of three months, and this recommendation we adopt, together with that requiring the respondent to pay the costs of this proceeding. The attorney general is directed to serve and file a bill of costs in the manner prescribed by law. During the period of his suspension we recommend that the respondent make an especial study of legal ethics, a subject which seems to have been neglected by a few other lawyers in this state.

It is therefore ordered that Alvin L. Hughes, respondent, be suspended as an attorney and counselor at law for a period of three months, at the expiration of which time, upon payment of all costs incurred in this proceeding, he may resume the practice of law without further order.

All the Justices concur.